UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **LELAND HOLLIS,** **MICHELLE HOLLIS, and** **JAMES WASHINGTON,** **Plaintiffs,** V. **SAFECO INSURANCE COMPANY OF ILLINOIS,** **Defendant.** | **CIVIL ACTION NO. 5:24-CV-197-KKC** **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

The matter is before the Court on defendant Safeco Insurance Company's motion to dismiss for failure to state a claim upon which relief can be granted. (DE 5.)

**I.**

This is a first-party under-insured motorist lawsuit arising from an accident involving Leland Hollis, Michelle Hollis, and James Washington ("Plaintiffs") and a third-party tortfeasor, Ricky Wolfinbarger. Wolfinbarger's insurance company settled with Plaintiffs for his policy limits. In their complaint, Plaintiffs do not identify the amount of those limits, nor do they describe how Wolfinbarger's limits were allocated amongst them.

Plaintiffs subsequently sought under-insured motorists' (UIM) coverage under their own policies issued by Safeco Insurance Company of Illinois ("Safeco"). Plaintiffs allege Safeco was contractually obligated to pay their damages in excess of the coverage afforded by Wolfinbarger's policy. Plaintiffs do not allege that Safeco denied their claim. Rather, Plaintiffs claim that Safeco made them a "significantly low" settlement offer that they rejected. Plaintiffs also claim that Safeco failed to respond after they rejected the initial offer.

1

Based on foregoing, Plaintiffs have brought claims for entitlement to UIM coverage, common law bad faith, bad faith under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), and punitive damages. Safeco's motion to dismiss pertains only to Plaintiffs' bad faith claims and the claim for punitive damages.[1]

## II.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). At the pleading stage, Rule 8(a)(2) requires only a short and plain statement which shows that the pleader is entitled to relief and which gives the defendant notice of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the factual claims in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III.

Under Kentucky law, all bad faith liability theories arising in the context of UIM claims are governed by the standard set in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993). *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). The *Wittmer* standard requires Plaintiffs to have alleged facts establishing: (1) Safeco was "obligated to pay the claim under the terms of the policy"; (2) Safeco "lacked a reasonable basis in law or fact for denying the claim"; and (3) Safeco "either knew there was no reasonable basis for denying

---

[1] The Court notes, at the outset, that a claim for punitive damages is not a separate cause of action but is rather a remedy potentially available to litigants. *Smith v. Westlake Vinyls, Inc.*, 403 F. Supp. 3d 625, 635–36 (W.D. Ky. 2019). Therefore, the "punitive" element of Plaintiffs' lawsuit is more appropriately discussed in the analysis regarding the bad faith claims rather than as a stand-alone cause of action.

2

the claim or acted with reckless disregard for whether such a basis existed." *Wittmer*, 864 S.W.2d at 890. Failure by a plaintiff to satisfy any one of these three elements entitles a defendant to judgment as a matter of law. *Id*. Safeco argues that Plaintiffs' complaint fails to allege facts which could satisfy any of these elements.

For the first *Wittmer* element, Plaintiffs are required to plead facts demonstrating Safeco has an "obligation to pay" their claims under the terms of their policies. This element "requires proof that the insured's policy requires the insurer to pay, not that there is liability under the contract, which is analyzed under *Wittmer*'s second requirement." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 586 (Ky. 2021).

Here, Plaintiffs' complaint specifically alleges "Safeco issued a policy providing UIM coverage to the Plaintiffs under the terms and conditions of its policy." (DE 1 at Page ID# 13.) This allegation alone is sufficient to satisfy the first *Wittmer* element at the pleading stage.

For the second *Wittmer* element, Plaintiffs are required to plead facts demonstrating Safeco "lacked a reasonable basis in law or fact for denying," their claims. This requires a showing that the underlying coverage claims are "beyond dispute" and "established." *Mosley*, 626 S.W.3d at 586–87. Safeco argues that Plaintiffs' complaint fails to plead facts capable of satisfying the second *Wittmer* element for two reasons. First, Safeco argues it never denied Plaintiffs' claims. And second, Safeco argues that Plaintiffs' complaint contains no facts which demonstrate that the underlying coverage claims are "beyond dispute."

As for Safeco's first argument, Plaintiffs admit that Safeco never explicitly denied their claims. Plaintiffs argue, however, that "an explicit denial of a claim is not required to satisfy the second *Wittmer* element." (DE 8 at 5.) Kentucky courts, and other court interpreting claims brought under the KUCSPA, have uniformly held that an explicit denial is not required. *Elite Commc'ns, Inc. v. Grange Ins. Co.*, No. 121CV00163GNSHBB, 2022 WL

3

2177441, at *2 (W.D. Ky. June 16, 2022). Rather, a bad faith claim may proceed if an insured's claim is "effectively denied." *Id*. A claim can be "effectively denied" in several ways, including when an insurance company unreasonably investigates, evaluates, or processes a claim. *Id*. Whether a claim has been "effectively denied" is "a fact-specific inquiry that is not appropriate to address on a motion to dismiss." *Id*.

Here, Plaintiffs argue that Safeco "effectively denied" their UIM claims by failing to timely respond after they rejected Safeco's initial settlement offer. Facts plead in the complaint confirm this to be Plaintiffs' position. (DE 1 at Page ID# 11) ("Following Plaintiffs' rejection and counterdemands, Defendant has failed to respond or acknowledge Plaintiffs' efforts to settle the claim."). Taking this as true, a jury could find that Safeco effectively denied Plaintiffs' claims. Thus, Safeco is not entitled to dismissal on this basis.

As for Safeco's second argument, Plaintiffs do not offer a response. Safeco correctly points out that "if liability is not beyond dispute, a bad faith claim fails as a matter of law," under the second *Wittmer* element. *Mobley v. Progressive Direct Ins. Co.*, 686 F. Supp. 3d 570, 575 (E.D. Ky. 2023). And "liability" refers to both the obligations of the insurer under the insurance policy and "also to the degree or extent of those obligations." *Id*. at 576.

To that point, Safeco argues the facts pled in Plaintiffs' complaint do not place the extent of Safeco's obligations under the relevant policies "beyond dispute." Safeco argues that Plaintiffs never disclosed, and the complaint does not allege, either the amount of policy limits recovered from Wolfinbarger or the extent of their damages. (DE 5 at 6.) Safeco argues the absence of such facts in the complaint creates a genuine dispute as to the extent of its obligation to provide UIM coverage. As a result, Safeco argues that liability is not "beyond dispute." The Court agrees. Here, Plaintiffs' complaint merely states that their damages exceed Wolfinbarger's policy limits. Even taking that allegation as true, this does not place the extent of Safeco's obligations under the relevant policies "beyond dispute." Accordingly,

4

because Plaintiffs have not pled facts demonstrating that the extent of Safeco's obligations are "beyond dispute," Plaintiffs' bad faith claims fail the second *Wittmer* element.

For the third *Wittmer* element, Plaintiffs must have pled facts demonstrating that Safeco's "conduct was outrageous and caused [them] actual damage." *Mosley*, 626 S.W.3d at 588. Conduct is outrageous when it goes beyond negligence and justifies the imposition of punitive damages. *Id*. This element imposes a "high threshold standard" on Plaintiffs to adduce facts demonstrating that Safeco engaged in intentional or reckless misconduct. *Wittmer*, 864 S.W.2d at 890.

Here, Safeco argues that Plaintiffs failed to plead facts demonstrating outrageous conduct. In response, Plaintiffs argue that a determination regarding whether conduct was outrageous is not appropriate at the motion to dismiss stage. (DE 8 at 5-6) (citing *Elite Commc'ns, Inc.*, 2022 WL 2177441, at *2 (whether an insurer "acted unreasonably in investigating, evaluating, and processing the claim is a fact-specific inquiry that is not appropriate to address on a motion to dismiss.")). The case Plaintiffs cite, however, does not stand for that proposition. Rather, the district court in *Elite Commc'ns, Inc.* simply recognized that weighing factual allegations under the **second** *Wittmer* element is not appropriate at the motion to dismiss stage. 2022 WL 2177441, at *2. Thus, at the motion to dismiss stage, the Court may properly consider whether Plaintiffs sufficiently pled facts to state a plausible claim that Safeco engaged in outrageous conduct. *Bell Atlantic Corp.*, 550 U.S. at 555.

Looking then to the complaint, Plaintiffs simply do not allege facts that could plausibly establish the third *Wittmer* element. Plaintiffs allege in their complaint that Safeco's initial settlement offer was "significantly low." Low settlement offers only constitute outrageous conduct, however, when such offers are "grossly inadequate to compensate," a claimant. *Brown v. Aimbridge Hosp., LLC*, No. 5:23-CV-00169-KKC, 2023 WL 7336158, at *2

5

(E.D. Ky. Nov. 7, 2023). Here, Plaintiffs plead no facts demonstrating that an unconscionable gap exists between their remaining, uncompensated damages and Safeco's initial settlement offer. The bare allegation that Safeco's offer was "significantly low" is insufficient to state a plausible claim for establishing the third *Wittmer* element.

Plaintiffs also allege that Safeco "failed to respond or acknowledge Plaintiffs efforts to settle the claim," after rejecting the initial settlement offer. Courts have uniformly held, however, that "mere delay in settlement does not rise to bad-faith conduct." *Belt v. Cincinnati Ins. Co.*, 664 S.W.3d 524 (Ky. 2022) (citing *Mosley*, 626 S.W.3d at 588). Rather, delay in settlement negotiations only amounts to outrageous conduct when attributable to an insurer's attempt "to extort a more favorable settlement." *Id.* Plaintiffs have pled no facts indicating that Safeco's lack of haste in responding to their settlement rejection was a calculated attempt to extort a more favorable result. Accordingly, Plaintiffs fail to allege facts that could plausibly establish the third *Wittmer* element.

In conclusion, Plaintiffs fail to plead facts sufficient to establish either the second or third *Wittmer* elements. As such, Plaintiffs fail to state a claim upon which relief can be granted for their bad faith claim (Count II) and their punitive damages claim (Count III) against Safeco. Accordingly, only Plaintiffs' underlying UIM claim (Count I) remains.

## IV.

Based on the foregoing, it is hereby ORDERED that Safeco's motion to dismiss (DE 5) is GRANTED.

This 10th day of December, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY